IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Vincent John Hall,  )<br> )<br>            Plaintiff,    )<br> )<br>    vs.    )<br> )<br>Johnny Sapp and Cara Pouncey,    )<br> )<br>            Defendants.    )<br> ) | Civil Action No. 6:06-2476-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the parties' motions for summary judgment. The plaintiff, a pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff filed a motion for summary judgment on November 30, 2006, prior to the defendants filing their answer to the complaint. The defendants filed a response on February 16, 2007. The plaintiff filed a motion for default judgment on December 27, 2006. The defendants filed their response on January 15, 2007. The defendants filed a motion for summary judgment on February 22, 2007. By order filed February 23, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure. On February 28, 2007, the plaintiff filed his response to the motion.

## FACTS PRESENTED

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in that they would not him see a doctor when he requested to do so. Defendant Cora Pouncey (incorrectly referred to as Cara Poncey in the complaint) is the full time nurse at the Dillon County Detention Center.  Defendant Johnny Sapp is the Detention Center Captain in charge of the day management and administration of the Dillon County Detention Center.  The plaintiff was booked into the detention center on February 19, 2006.  At that time he was taking the following medications:  Nitroglycerin, Atenolol, Motrin, and aspirin.  His family agreed to obtain the available refills of those medications.  When the refills were completed, the plaintiff was taken to Dillon Internal Medicine Associates to determine if additional prescription refills were needed.  The plaintiff is now taking Nitroglycerin, Atenolol, Zantac, Motrin, Flexeril, Naprosyn, and Flomax.  Ms. Pouncey submitted an affidavit in which she testified that the plaintiff has visited the doctors at Dillon Internal Medicine Associates on the following dates:  June 1, 2006; June 26, 2006; July 5, 2006; August 21, 2006; October 26, 2006; November 10, 2006; December 1, 2006; and December 28, 2006.  He also had a follow-up appointment scheduled for January 25, 2007.  The plaintiff has been treated for complaints of chest pain, left shoulder pain, high blood pressure, urinary problems, left knee pain, and back pain.  He has also received dental care, including an extraction, from Dr. John C. Bilder (Pouncey aff. 1-2, ex. A).

On May 29, 2006, the plaintiff complained of chest pain and frequent urination. Detention center staff transported the plaintiff to McLeod Medical Center - Dillon, and he was discharged the same day as "alert and stable" (Pouncey aff. 2, ex. B).

On December 8, 2006, Ms. Pouncey checked the plaintiff's blood pressure and it registered 156/98 (Pouncey aff. 2).  The plaintiff submitted a copy of his medical record for this date in support of his motion for summary judgment.  The plaintiff made a notation on that document that his blood pressure was 178/112, and "they refused to take

2

me to the hospital" (doc. #13).  Ms. Pouncey testified that had the plaintiff's blood pressure been at a level that required hospitalization, he would have been transported to the emergency room.  The plaintiff did go to Dr. Bilder on December 8, 2006, for a tooth extraction.  According to Ms. Pouncey, before the extraction, the plaintiff stated that his blood pressure was high due to a decayed tooth.  After the tooth was extracted, the plaintiff stated that he felt much better (Pouncey aff. 2).

Ms. Pouncey further stated that on December 21, 2006, the plaintiff complained of problems with frequent urination.  She requested that the plaintiff come to the medical area for observation, but he refused.  Over the next several days, he continued to make complaints about frequent urination, and on December 26, 2006, he was placed in the medical cell for observation.  He was monitored, and no severe pain or distress was observed.  He did request and receive a cranberry supplement for the urinary tract.  The plaintiff was in the medical cell through December 29, 2006.  Ms. Pouncey made arrangements for a television to be placed in the cell for the plaintiff.  On December 28, 2006, the plaintiff was taken to Dillon Internal Medicine regarding treatment for frequent urination (Pouncey aff. 2-3).  The plaintiff contends that the conditions of his confinement in the medical cell violated his constitutional rights.

In his complaint, the plaintiff seeks injunctive relief as follows:  "have Johnny Sapp change the rules at this jail.  No lockdown, and have a doctor on call 24 hours a day 7 days a week.  Plus good, or up grade the food at this jail."

**ANALYSIS**

*Plaintiff's Motion for Default Judgment*

In his motion for default judgment, the plaintiff objects to the extension of time granted by this court to the defendants for the filing of their answer.  On November 7, 2006, the court ordered that the defendants' answer was due on or before December 11, 2006.

3

The defendants filed their answer on December 9, 2006.  As the defendants' answer was timely filed within the time granted by this court, the plaintiff's motion for default judgment should be denied.

***Motions for Summary Judgment***

As set forth above, both the plaintiff and the defendants have moved for summary judgment.  Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not

rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an

5

inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Assuming that the plaintiff has shown that he had a serious medical need, he has failed to show that the defendants were deliberately indifferent to his need. The evidence shows that the plaintiff is currently, and has been, taking prescription medications prescribed by one or more of the doctors at Dillon Internal Medicine Associates, and those prescription medications are being provided by the detention center. The plaintiff has visited with a medical doctor on nine occasions since June 2006, and he has also received dental care. While he claims his blood pressure was 178/112 on December 8, 2006, and the defendants refused to take him to the hospital, Ms. Pouncey testified in her affidavit, and the medical evidence showed, that his blood pressure was 156/98. Ms. Pouncey testified that this was not a level that would require hospitalization (Pouncey aff. 2). Disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright,*

6

766 F.2d at 849.  Based upon the foregoing, the plaintiff has failed to show that the actions and/or policies of the defendants violated his constitutional rights.

The plaintiff has also alleged that he was placed in "medical lockup" in retaliation for the filing of the instant action.  In his motion for summary judgment, he alleges the medical cell was a "cold nasty cell."  According to Ms. Pouncey, the medical area of the detention center is a separate room containing medical supplies and devices necessary for monitoring inmates who are placed in an adjacent cell for observation.  The cell has the same climate control mechanisms as the rest of the detention center, and Ms. Pouncey even had a television placed in the cell for the plaintiff (Pouncey aff. 2-3).  She further testified that the plaintiff was placed in the medical cell for observation for four days because of his numerous complaints of frequent urination (Pouncey aff. 3).

Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment.  *Bell v. Wolfish,* 441 U.S. 520, 535 (1979).  Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).  Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense.  *Id.* (citing *Bell,* 441 U.S. at 53).  Absent a showing of expressed intent to punish on the part of the correctional officials, the determination of whether a particular action is punitive turns on whether it was rationally connected to legitimate non-punitive governmental objectives and whether it was excessive in relation to that purpose.  *Bell*, 441 U.S. at 537-40; *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).  Here, the plaintiff has failed to show that the conditions of his confinement in the medical cell where he was confined for four days amount to punishment before a proper adjudication of guilt.

7

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. *See* 28 U.S.C. §1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted and the plaintiff's motions for default judgment and for summary judgment be denied. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motions for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

> s/William M. Catoe
> United States Magistrate Judge

March 12, 2007

Greenville, South Carolina